



*20-000321309*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

# Exhibit "B"

PLAZA SOUTH ASSOCIATION, INC.,

PLAINTIFF(S)

VS.

LEXINGTON INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY

| | |
|---|---|
| **CASE #:** | CACE-20-013844 |
| **COURT:** | CIRCUIT COURT |
| **COUNTY:** | BROWARD |
| **DFS-SOP #:** | 20-000321309 |

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by MAIL on Tuesday, October 13, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, October 16, 2020 to the designated agent for the named entity as shown below.

LEXINGTON INSURANCE COMPANY
JOANNE P KEATING
99 HIGH ST
BOSTON, MA 02110

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

HUGO V. ALVAREZ
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA
SUITE 1000
CORAL GABLES, FL 33134

AJ1

Filing # 113297550 E-Filed 09/14/2020 11:25:07 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

PLAZA SOUTH ASSOCIATION, INC.,                    CASE NO.: CACE-20-013844

      Plaintiff,

vs.

LEXINGTON INSURANCE COMPANY,

      Defendants,

RECEIVED AS STATUTORY REGISTERED AGENT on 13 October, 2020 and served on defendant or named party on 16 October, 2020 by the Florida Department of Financial Services

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE HEREBY COMMANDED to serve this Plaintiff's Notice of Serving First Set of Interrogatories to Defendant, Lexington Insurance Company, Plaintiff's First Request for Production to Defendant, First Request for Admissions and Complaint for Damages and Demand for Jury Trial in this action on Defendant:

    **SERVE:**     **Lexington Insurance Company**
                   **c/o Florida Office of Insurance Regulation**
                   **Service of Process**
                   **200 E. Gaines Street**
                   **Tallahassee, Florida 32399**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

            HUGO V. ALVAREZ, ESQUIRE
            BECKER & POLIAKOFF, P.A.
            121 Alhambra Plaza, Suite 1000
            Coral Gables, Florida 33134
            (305) 262-4433

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

     WITNESS my hand and the seal of said Court.     SEP 15 2020

                                    BRENDA D. FORMAN, Clerk of Court

                               By: _____
                                    Deputy Clerk

                                         BRENDA D. FORMAN

Filing # 112172411 E-Filed 08/21/2020 10:19:44 AM

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

PLAZA SOUTH ASSOCAITION, INC.,

    Plaintiff,                 CASE NO.:

v.

LEXINGTON INSURANCE COMPANY,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, PLAZA SOUTH ASSOCAITION, INC., (hereinafter "Plaintiff"), by and through its undersigned counsel, sues Defendant LEXINGTON INSUANCE COMPANY, (hereinafter "Lloyd's or "Defendant"), and alleges as follows:

## THE PARTIES AND JURISDICTION

1.    This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars of exclusive interest, costs and attorney's fees.

2.    At all times material hereto, the Plaintiff is located in Broward County, Florida at the Real Property more particularly described in Paragraph 7 below.

3.    For all times material hereto, Lloyds was conducting business in Broward County, Florida.

4.    Venue is proper in Broward County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Broward County, Florida, and the property at issue is located in Broward County.

5.      All conditions precedent to the filing of this lawsuit have occurred, been waived, or been performed.

## GENERAL ALLEGATIONS

6.      At all times material hereto, in consideration for a premium paid by the Plaintiff, there was in full force and effect a certain insurance policy issued by the Defendant with a policy number of 41-LX-06641726-1/1000 (hereinafter the "Policy"). Plaintiff has lost and/or misplaced its copy of said insurance policy. However, and by law, the Defendant is charged with maintaining a copy of the Policy, and upon information and belief, Defendant is in possession of said documents.

7.      At all times material hereto, the Policy provided coverage for the property located at 4280 Galt Ocean Drive Ft. Lauderdale, Florida 33308 (the "Property"), as well as any and all personal property and/or contents contained thereon.

8.      On or about September 10, 2017, Plaintiff suffered a loss including damage to the Property. Specifically, the Property sustained losses as a result of Hurricane Irma striking South Florida, which caused substantial damages to the interior and exterior of the Property (the "Loss").

9.      The Defendant acknowledged the Loss, assigned claim number LXCC-4007A9 to the same.

10.    The Plaintiff has performed all conditions precedent to recover under the aforementioned policy and to the bringing of the instant action, and/or said conditions have been waived by Defendant.

## BREACH OF CONTRACT AGAINST DEFENDANT

11.     Plaintiff readopts and re-alleges Paragraphs 1-10 above as fully set forth herein and further alleges:

14.     It is undisputed that Plaintiff and Defendant entered into a written contract, the Policy, wherein the insured agreed to pay a premium and the Defendant agreed to insure the Property.

15.     The Plaintiff has paid all premiums due and owing as contemplated by the Policy and fully cooperated with Defendant's investigation of the subject claim. Therefore, Plaintiff has fully performed all obligations under the Policy.

16.     The Defendant has failed to make full payment of insurance proceeds to the Plaintiff for the Loss. Accordingly, Defendant has breached the Policy.

17.     As a direct and proximate result of the Defendant's conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to §627.428 Fl. Stat. and others, undersigned counsel is entitled to attorney's fees in this matter to be paid by the Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff prays for damages for the amount of the losses herein against each named Defendant due to the subject loss and for attorney's fees, costs, prejudgment interest and demands trial by jury of all issues so triable as a matter of right.

Dated this 21st day of August 2020.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Telephone:  (305) 262-4433
Facsimile:  (305) 442-2232
halvarez@beckerlawyers.com


By: _____
      Hugo V. Alvarez, Esq.
      Florida Bar No. 163960

ACTIVE: BPUsers/HALVAREZ:10347228_1

Filing # 112172411 E-Filed 08/21/2020 10:19:44 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

PLAZA SOUTH ASSOCIATION, INC.,   CASE NO.

   Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

   Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES
### TO DEFENDANT, LEXINGTON INSURANCE COMPANY

Plaintiff, PLAZA SOUTH ASSOCIATION, INC., by and through its undersigned counsel, propounds the attached Set of Interrogatories upon Defendant, LEXINGTON INSURANCE COMPANY, to be answered within forty-five (45) days in accordance with the Florida Rules of Civil Procedure.

An executed copy of this certificate is being filed with the Court as provided by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Notice of Serving First Set of Interrogatories to Defendant, LEXINGTON INSURANCE COMPANY was filed with the Clerk of Court via the e-filing portal on August 21, 2020 and served upon Defendant via process server.

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Telephone:  (305) 262-4433
Facsimile:  (305) 442-2232
halvarez@beckerlawyers.com

By:_____
      Hugo V. Alvarez, Esq.
      Florida Bar No. 163960

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## FIRST SET OF INTERROGATORIES

1.     State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in BROWARD County, and whether your name as it appears in the Plaintiff's Complaint is correct.

2.     State whether you agree or disagree that the provisions of FS §627.428 apply to any dispute between you and the Plaintiff concerning the litigation in this case. If you disagree, explain why.

3.     List the names, addresses and telephone numbers of all persons (other than your own agents, representatives, or employees) believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written, and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken and who has present possession, custody and control of any such statements.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL. 33134
TELEPHONE (305) 262-4433

4.  List the names, residence addresses. business addresses and telephone numbers of all persons who, on your behalf or on behalf of any of your agents, employees or representatives, have any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto and specify the nature of the participation for each and every such person and give the time period during which they participated.

| Name | Addresses | Telephone #s | Dates |
| --- | --- | --- | --- |

5.  Refer to the page and line of any and all written guidelines you used in the handling process of the two claims at issue in this lawsuit that justify the investigation and claims handling such as was conducted with regard to the claims presented by the Plaintiff.

6.  List the names, addresses, and official positions of each and every person in your employ or in the employment of anyone of you behalf who has had any involvement whatsoever is the review of the decision that there was allegedly no coverage for the Plaintiff's Loss to determine if it was a legally correct position, state in what capacity each person was involved, the time period during which they were involved, and the exact nature of the involvement.

| Name | Addresses | Telephone #s | Dates |
| --- | --- | --- | --- |

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL. 33134
TELEPHONE (305) 262-4433

7.    With regard to the Plaintiff's First Request for Production herein, for each separate items on the Request to Produce which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state with respect to each such document the following:

    a)    The type of document involved and its general subject matter without disclosing its contents,

    b)    The number of pages of the document,

    c)    The date of the document,

    d)    The privilege upon which you rely in withholding the documents.

8.    State the names and addresses of all persons knowledgeable about any writings of your company on dwelling coverage for both of Plaintiff's perils and any of its exclusions from coverage and state his or her relationship to your company.

9.    State the names and addresses of each representative employed by the Defendant that inspected the Plaintiff's property, the date of the inspection and the results of the inspections.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

10.   State the dollar amount of damage claimed in each estimate for both claims that was received from the Plaintiff, the Plaintiff's agents, and the Plaintiff's attorneys.

11.   If you are relying on any coverage defense, limitation or exclusion in the policy set forth the defense, limitation, or exclusion.

12.   Set forth the date that your company was first notified of the Plaintiff's claim(s) and state in detail all efforts taken by your employees and representatives to investigate the loss(es).

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

13.     State the name and address of each witness that you have taken a statement from.

14.     Identify each document that supports your affirmative defenses.

15.     Set forth in detail the facts supporting your affirmative defenses.

LAW OFFICES
BECKER & POLIAKOFF, P.A
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL. 33134
TELEPHONE (305) 262-4433

16.     Please describe each document you requested from the insured and state whether or not you received the document.

17.     State the value you place on the Plaintiff's loss(es).

18.     State the date you notified the insured of the mediation provisions of Florida Statute §627.7015(2).

19.    If you contend that the insured did not comply with any condition precedent, identify each condition precedent.

20.    If you agreed to pay any part of Plaintiff's claims prior to suit being filed, state the type of claim and amount that you agree to pay.

21.    Please state the dates and claim numbers for any past insurance claims that Plaintiff has made with the Defendant within the last ten (10) years.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

22.     State the name of the estimator appearing on each estimate you received.

_____
AFFIANT

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _____     )

      BEFORE ME the undersigned authority, personally appeared _____,
who being by me first duly sworn and cautioned, stated that the information contained herein is
true and correct to the best of his/her knowledge and belief and who is [  ] personally known to me
or who [  ] produced a _____ as identification.

      SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2020.

_____
NOTARY PUBLIC, State of Florida

My Commission Expires:

LAW OFFICES
BECKER & POLIAKOFF, P.A.
14075912v.1 P01713/206769 121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

PLAZA SOUTH ASSOCIATION, INC.,      CASE NO.

     Plaintiffs,

v.

LEXINGTON INSURANE COMPANY,

     Defendants.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff, PLAZA SOUTH ASSOCIATION, INC., (hereinafter the "Insured"), by and through the undersigned counsel, and pursuant to Rule 1.370 Florida Rules of Civil Procedure, requests the Defendant, LEXINGTON INSURANEC COMPANY, (hereinafter the "Insurance Company"), to admit or deny the following:

1.    Admit that the insurance policy which forms the subject matter of this lawsuit was issued by the Insurance Company.

2.    Admit that the Insurance Company was providing insurance coverage to the property at the time of the peril described in the Insured's Complaint.

3.    Admit that the cause of the damage at issue is covered under the insurance policy.

4.    Admit that the Insured made a claim against the Insurance Company for insurance coverage to the Insured's property.

5.    Admit that the Insurance Company was provided a detailed estimate prepared at the request of the Insured.

6.      Admit that the Insurance Company has failed and/or has refused to pay the Insured's claim as described in the Complaint.

7.      Admit that the only reason for the Insurance Company's denial of payment on the subject claim is a result of its determination that the damage to the Insured's property is not the result of a covered peril under the subject Policy of insurance.

8.      Admit that the Insurance Company did not make a payment of insurance benefits to or for the benefit of the Insured for the alleged loss described in the Complaint.

9.      Admit that the Insurance Company acknowledges that the Insured's estimate pertaining to repairs is accurate and correct.

10.     Admit that the Insured submitted to the Insurance Company a written estimate of repairs for the damages to have occurred by reason of the loss described in the Complaint.

11.     Admit that the damage, as detailed in the Insured's estimate, is covered under the applicable insurance policy.

12.     Admit that the Insurance Company's litigation of the instant action is for the purpose of delaying and/ or avoiding payment to the Insured.

13.     Admit that the Insured have complied with all post-loss conditions precedent to the filing of this lawsuit.

14.     Admit that the Insurance Company assumes liability to the Insured for the damage sustained to their property.

15.     Admit that the Insurance Company is required to pay the Insured's attorney's fees and costs pursuant to Florida Statute Section 627.428.

LAW OFFICES
BECKER & POLIAKOFF, P A
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

16.     Admit that the Insured has provided documents to the Insurance Company to aid their investigation.

17.     Admit that the Insured has allowed the Insurance Company to inspect the property at issue and to examine the damage.

18.     Admit that the Insured has made herself available to the Insurance Company to aid their investigation, including allowing his property to be inspected or submitting to an examination under oath.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Request for Admissions to Defendant was filed with the Clerk of Court via the e-filing portal on August 21, 2020 and served upon Defendant via process server.

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Telephone:  (305) 262-4433
Facsimile:  (305) 442-2232
halvarez@beckerlawyers.com

By: _____
Hugo V. Alvarez, Esq.
Florida Bar No. 163960

3
LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

14075945v.1 P01713/206769

Filing # 112172411 E-Filed 08/21/2020 10:19:44 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

PLAZA SOUTH ASSOCIATION INC.,       CASE NO.

       Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

       Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, PLAZA SOUTH ASSOCIATION, INC., by and through its undersigned counsel, pursuant to FLA. R. of CIV. P. 1.350, requests Defendant, LEXINGTON INSURANCE COMPANY, (hereinafter "Defendant"), to produce and permit the inspection and copying of the following documents, writings, and other data at the offices of attorneys for Plaintiff.

It is intended by this Request for Production to discover documents and other items not only within the possession or control of Defendant, but any documents or other items in the possession and control of, or obtainable by your attorneys, investigators, representatives, or anyone acting in or on your behalf.

       <u>See attached</u> Request for Production.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's First Request for Production to Defendant was filed with the Clerk of Court via the e-filing portal on August 21, 2020 and served upon Defendant via process server.

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Telephone:  (305) 262-4433
Facsimile:  (305) 442-2232
halvarez@beckerlawyers.com

By: _____
     Hugo V. Alvarez, Esq.
     Florida Bar No. 163960

## FIRST REQUEST FOR PRODUCTION

1.  All insurance policies that would inure to the benefit of the Plaintiff herein, together with any declaration of coverage page and sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy as required by Florida statutes.

2.  All notations regarding notice of damage loss, including assignment of claim, computer print-out of notice, first notice of loss report, report from agent of loss, or correspondence from the Plaintiff, named insured or attorneys.

3.  All telephone messages to or from you, or any of your agents on your behalf regarding receipt of notice of claims.

4.  All interoffice memoranda and claim notes regarding receipt of notice of claims and telephone conversations with anyone about the receipt of notice of claims.

5.  All correspondence to or from anyone, including any insurance agencies, any employers, any agencies hired as adjusters to investigate the claims herein.

6.  All claim forms, including proof of loss forms, notice of loss reports, authorization forms and any other claim forms contained in said file.

7.  All documents containing any information on what was said by the Plaintiff at any time during the handling including adjuster notes, claim reports, interoffice memorandum, tape recordings of any statements made by the Plaintiff, and any transcript or written statement from the Plaintiff.

8.  Copies of each bill or estimate for repair to the dwelling submitted to you.

9.  Copies of all cancelled checks relating to the claims handling with the front and back showing when payments were made and when the checks were cashed.

10. Copies of all forms showing when check forms were submitted by any adjuster or clerk to obtain checks.

11. All records not covered above that show when notice of claims were mailed or received including logs and adjuster notes and date stamps and envelopes and return receipts.

12. All correspondence, forms, notations, memoranda or information transmitted by you in any form whatsoever to any public adjuster or contractor concerning the Plaintiff's property damage.

13. All correspondence, forms, notations, memoranda, or other information wherein you transmitted any information about the Plaintiff to any third party that is not an employee of Defendant.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL. 33134
TELEPHONE (305) 262-4433

14.      All documents reflecting how and when you determined that there was coverage.

15.      Any and all correspondence to and from any adjusters, public adjusters, contractor or appraiser that reviewed any damage which is the subject of the action herein including any printout or explanations or supporting documentation for any reductions suggested by the adjuster, public adjuster, contractor, or appraiser.

16.      Any and all photographs taken by the Defendant or its representatives showing the extent of damage to insured premises involved herein as were taken prior to the filing of suit.

17.      Any and all estimates of repair of statements concerning the nature and extent of damage to the insured premises not already covered above.

18.      Any and all writings, memorandums, notes or other material reflecting examination by the Defendant of any of the damage to the insured premises not covered above.

19.      Any and all memos, writing, seminars, audio tapes, video tapes, and any other materials used by you company or anyone on you behalf to explain to you own adjusters the policies and procedures by which your company determines dwelling coverage issues relating to the damage and any of its exclusions.

20.      All written and recorded statements of the insured including the examination under oath.

21.      All engineer reports that you rely upon in your coverage and damage evaluation.

22.      All correspondence to the insured or their representative informing them of the right to participate in mediation and all documents explaining mediation to the insured.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
14075937v.1 P01713/206769 121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

Hugo V. Alvarez
Shareholder
Phone: 305.260.1029   Fax: 305.442.2232
halvarez@beckerlawyers.com

# Becker

Becker & Poliakoff
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134

September 15, 2020

**Via Certified Mail No.** 9414814902370607011452
**Return Receipt Requested**
Florida Office of Insurance Regulation
Service of Process
200 E. Gaines Street
Tallahassee, Florida 32399

Re:   **Case:**          **Plaza South Association, Inc. v. Lexington Insurance Company**
     **Clients:**       **Plaza South Association, Inc.**
     **Case No.**      **CACE-20-013844**
     **Our File No.:**   **P01713.206769**

Dear Sir or Madam:

Enclosed please find the following documents in reference to service of process on the following Defendants in the above matter:

LEXINGTON INSURANCE COMPANY

    1.    Two (2) copies of validated summons for each defendant;
    2.    Two (2) copies of the Complaint;
    3.    First Set of Interrogatories to Lexington;
    4.    Plaintiff's Request for Admissions to Lexington;
    5.    First Request for Production to Lexington; and
    6.    Check No. 26765, in the amount of $15.00, which represents the service of process fee for each defendant.

A self-addressed, stamped envelope is enclosed for return of the executed Affidavit of Service. Should you have any questions or require additional information, please contact me.  Thank you for your assistance and cooperation.

Very truly yours,

Hugo V. Alvarez
For the Firm

HVA/cgl
Enclosure

USPS CERTIFIED MAIL™

Alvarez, Hope
121 Alhambra Plz
Ste 1010 FL

9414 8149 0237 0607 0114 52

Dept. of Financial Services
Dept. of Financial Services
200 E Gaines St

Tallahassee      FL     32399-6502